### In re MURPHY BOOT & SHOE CO.

(District Court, D. Massachusetts. July 11, 1917.)

No. 22006.

BANKRUPTCY  482(3)—COSTS AND FEES—ALLOWANCE OF COUNSEL FEES.

    Bankruptcy proceedings in their origin were closely involved with a controversy between contending factions of the stockholders in the bankrupt corporation. The minority faction for the time being held the offices and controlled the company's action, and were thus enabled to authorize their attorney to resist adjudication on behalf of the corpora-

tion. He at all times acted for them quite as much as for the corporation, and after they sold out their stock he withdrew from the case and adjudication was had by consent. *Held*, that if, under Bankr. Act July 1, 1898, c. 541, § 64, subsec. b(3), 30 Stat. 563 (Comp. St. 1916, § 9648), giving priority to the cost of administration, including one reasonable attorney's fee to the bankrupt while performing the duties prescribed by the Bankruptcy Act in involuntary cases, counsel fees can be allowed for resisting adjudication, they should be granted only in extreme cases, where such action is plainly necessary to avoid great hardship and injustice, and the facts did not make a case of that character.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897.]

In Bankruptcy. In the matter of the Murphy Boot & Shoe Company, bankrupt. On petition by Asa P. French for allowance of counsel fees. Order of referee affirmed.

Francis P. Garland and Roy Brackett, both of Boston, Mass., for petitioner.

Henry F. Knight and Johnson, Clapp & Underwood, all of Boston, Mass., for trustee.

MORTON, District Judge. This is a petition by an attorney at law for payment from the estate for professional services rendered to an alleged bankrupt in resisting adjudication. The learned referee ruled that he had no power to make such an allowance. Undoubtedly Pratt v. Bothe, 130 Fed. 670, 65 C. C. A. 48, decides the point here presented adversely to the petitioner. He contends, however, that that case puts too severe a construction on section 64, subsec. b(3), does not give sufficient weight to the general scope and purpose of the Bankruptcy Act, and establishes a rule capable of working gross injustice. I infer that these views are to some extent shared by counsel for the trustee. There is much to be said in favor of construing the administrative portions of a statute so purely commercial in character as the Bankruptcy Act so as to permit just and practical working rules. This must have been the intention of its framers. Its various provisions should be read with this paramount purpose in mind, and, if possible, so construed as not to defeat it. See Collier on Bankruptcy (10th Ed.) pp. 833e, 844b, and 899, where the different sections bearing on this matter are discussed and cases collected.

It is not necessary, however, to decide whether Pratt v. Bothe, supra, ought to be followed in this district, because, even assuming that the court has discretionary power to allow such counsel fees, it seems to me that it ought not to do so in this instance. The present bankruptcy proceedings were, in their origin, closely involved with a controversy between two contending factions of stockholders in the bankrupt corporation. The faction which employed Mr. French were in the minority, but for the time being held the offices and controlled the action of the company. They were thus enabled to authorize their attorney to represent it and to direct its action, properly and honestly so far as appears, in their interest. Mr. French was at all times acting for them quite as much as for the corporation itself. Later the interests which employed him sold out their stock, he withdrew from the case, and adjudication was had by consent.

For obvious reasons, no general practice ought to be established of

allowing counsel fees for services in resisting adjudication. If they can be allowed at all, they should be granted only in extreme cases, where such action is plainly necessary to avoid great hardship and injustice. This case is not of that character, and no allowance should therefore be made for counsel fees in opposing the petition, nor should any allowance be made to counsel for intervening creditors.

Order of referee affirmed.